

```
                                                        CLERK US DISTRICT COURT
                                                         NORTHERN DIST. OF TX
                                                                FILED

                IN THE UNITED STATES DISTRICT COURT      2015 OCT -2 PM 4:37
                FOR THE NORTHERN DISTRICT OF TEXAS
                          AMARILLO DIVISION
                                                         DEPUTY CLERK_____
```

MICHAEL RAY GRICE, §
§
Petitioner, §
§
v. § 2:15-CV-0112
§
WILLIAM STEPHENS, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
§
Respondent. §

# REPORT AND RECOMMENDATION
## TO GRANT RESPONDENT'S MOTION TO DISMISS and TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AS TIME BARRED

Petitioner MICHAEL RAY GRICE, a state prisoner, has filed with this Court a federal Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction for the felony offense of aggravated robbery and the resultant 20-year sentence. On July 17, 2015, respondent filed a motion to dismiss petitioner's habeas application as time barred. Petitioner has not filed a response opposing respondent's motion. For the reasons set forth, it is the opinion of the undersigned United States Magistrate Judge that respondent's motion be GRANTED, and the petition for a writ of habeas corpus be DISMISSED as time barred.

## I.
## PROCEDURAL HISTORY

On August 19, 2010, in the 108th Judicial District Court of Potter County, Texas, petitioner was charged by indictment with the first degree felony offense of aggravated robbery. The indictment

alleged that petitioner:

> [O]n or about the 5th day of May, 2010 . . . did then and there, while in the course of committing theft of property, and with intent to obtain and maintain control of that property, intentionally, knowingly, or recklessly cause bodily injury to Benjamin Pigman by hitting him in the head with a brick, and the [petitioner] did then and there use and exhibit a deadly weapon, namely a brick, that in the manner of its use and intended use was capable of causing death or serious bodily injury, during the commission of the robbery."

*State v. Grice*, No. 61,768-E.

On March 4, 2011, the State offered petitioner a written plea bargain, *to wit*: (a) ten (10) years deferred adjudication, a $1,000 fine, and the usual terms of probation, in exchange for a guilty plea to the offense of aggravated robbery; or (b) an 8-year sentence of imprisonment, and a $1,000 fine, in exchange for a guilty plea to the lesser included offense of robbery.[1]

On March 7, 2011, petitioner pled guilty to the offense of aggravated robbery as alleged in the indictment, and applied for community supervision. Pursuant to the terms of the plea bargain, the state trial court accepted petitioner's guilty plea, deferred adjudication of petitioner's guilt, placed defendant on deferred adjudication community supervision for a term of ten (10) years, assessed a $1,000 fine and various other fees, and assessed community service restitution of 180 hours. The Order of Deferred Adjudication, filed of record on March 17, 2011, recited, "Findings on Deadly Weapon: YES, NOT A FIREARM."

On August 25, 2011, the State filed a Motion to Proceed with Adjudication of Guilt alleging petitioner had failed to comply with fourteen (14) conditions of his community supervision, including drug use and other violations. On February 22, 2012, petitioner pled true to each of the violations alleged in the State's motion with an agreed punishment recommendation. On that same date, the trial court granted the State's motion, revoked petitioner's community supervision, adjudicated petitioner

---

[1] The offer was not extended until after petitioner's co-defendant pled guilty to aggravated robbery in exchange for a 20-year sentence of imprisonment.

guilty of the offense of aggravated robbery, and assessed a sentence of 20-years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division, and a fine of $1,000.00. As part of his true plea, petitioner waived any right of direct appeal.

On February 19, 2012, petitioner, represented by counsel, filed an application for a state writ of habeas corpus challenging his conviction and sentence. By his state habeas application, petitioner alleged (1) his guilty pleas was involuntary because the sentence imposed was not in accordance with the plea bargain agreement; and (2) petitioner was denied effective assistance of counsel during the plea phase of the case. On May 8, 2013, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *Ex parte Grice*, No. 79,325-01.

On November 4, 2014, petitioner, acting *pro se*, executed a second application for a state writ of habeas corpus challenging his conviction and sentence, such application being filed with the trial court on November 10, 2014. On December 17, 2014, the Texas Court of Criminal Appeals dismissed petitioner's second state habeas application as a subsequent application. *Ex parte Grice*, No. 79,325-02.

On March 1, 2015 petitioner executed the instant federal habeas application challenging his conviction and sentence and placed it in the prison mail system. The federal application was filed of record April 6, 2015.

## II.
## ALLEGATIONS

By his federal habeas application, petitioner alleges his conviction and sentence violate his rights under the United States Constitution because:

1. His conviction and sentence are void because he was originally placed on community supervision in violation of state law;

2. Petitioner's guilty plea was involuntary because he did not know the trial court

      could and would enter a deadly weapon finding; and

3.     Petitioner was denied effective assistance of counsel because counsel failed to conduct a thorough independent investigation prior to advising him to plead guilty.

## III.
## STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## IV.
## TIME BAR

On July 17, 2015, respondent filed a motion to dismiss petitioner's federal habeas application as time barred. By his motion, respondent notes petitioner's habeas claims are based on the

voluntariness of his 2011 guilty plea, the validity of the trial court's order deferring adjudication and placing petitioner on community supervision, and the adequacy of trial counsel's investigation prior to petitioner's guilty plea.  Respondent argues petitioner has not raised any claims challenging the 2012 probation revocation proceedings, the adjudication of petitioner's guilt, or the prison sentence assessed after revocation and adjudication.  Respondent argues the limitation period began to run on the date the original order deferring adjudication became final, *i.e.*, on April 6, 2011, when the time for filing an appeal expired.  Respondent contends any federal habeas application petitioner wished to file had to be filed no later than April 6, 2012 to be timely under the limitations period.  Respondent contends petitioner is not entitled to statutory or equitable tolling to extend the appropriate limitations period.  Petitioner has not filed any response to repondent's motion to dismiss.

It is clear petitioner does not challenge the revocation of his community supervision, either the revocation itself or the final sentencing order entered after revocation.  Rather, petitioner challenges only the initial proceeding which resulted in the March 7, 2011 order deferring adjudication of guilt and granting probation.  More specifically, petitioner challenges only the voluntariness of his plea, counsel's failure to more thoroughly investigate prior to advising petitioner to enter a guilty plea, and the validity of the court's order placing petitioner on deferred adjudication probation and its tenuous affect, if any, on the validity of the subsequent order adjudicating petitioner guilty and assessing sentence.[2]

Under Texas law, a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication

---

[2] Even if this court were to liberally construe petitioner's first claim as a challenge to the 2012 "conviction, sentence and judgment" themselves, petitioner's claim is meritless.  Petitioner argues the trial judge was precluded from placing petitioner on community supervision <u>after deferring a finding of guilt</u> based on the limitations in placing a defendant on regular community supervision <u>after a finding of guilt</u>. *See* Texas Code of Criminal Procedure art. 42.12 § 3g (2012).  Deferred adjudication community supervision is governed by article 42.12 § 5, and is not limited by any provisions set forth in 42.12 § 3. *See Cabazes v. State*, 848 S.W.2d 693, 694 (Tex.Crim.App. 1993); *West v. State*, 702 S.W.2d 629 (Tex.Crim.App. 1986).

community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999). For purposes of section 2244(d)(1), an order deferring adjudication following a guilty plea is a final judgment. *Tharpe v. Thaler*, 628 F.3d 719, 724 (5th Cir. 2010); *Caldwell v. Dretke*, 429 F.3d 521, 529 (5th Cir. 2005).

The state trial court entered the Order placing petitioner on deferred adjudication probation on March 7, 2011. Petitioner had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of the order deferring adjudication and granting petitioner's probation. *See* Tex. R. App. P. 26.2(a)(1). Petitioner failed to file an appeal so the deferred adjudication order became "final" for AEDPA purposes upon the expiration of the 30-day appellate period, or on April 6, 2011. *See* Tex. R. App. P. 26.2(a)(1).

Under the AEDPA, petitioner had one year, or until April 6, 2012, to raise any complaints regarding deficiencies during the initial deferred adjudication proceedings.[3] Challenges to the voluntariness of the guilty plea, the adequacy of counsel's pre-trial investigation and pre-plea advice, and the validity of the trial court's assessment of deferred adjudication probation are challenges to the original proceedings. Petitioner's post-adjudication state habeas proceedings were all filed after the expiration of the limitations period and do not provide petitioner with any statutory tolling. Nor has petitioner demonstrated any equitable tolling is warranted. *See* 28 U.S.C. § 2244; *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). Petitioner did not file his federal habeas corpus petition until March 1, 2015, almost three (3) years after the expiration of the AEDPA deadline on April 6, 2012. Therefore, petitioner's claims, all of which relate to alleged deficiencies prior to or during the guilty plea proceeding and assessment of deferred adjudication probation in 2011, are barred by the AEDPA limitations period. *See* 28 U.S.C. § 2244(d). It is the opinion of the undersigned Magistrate Judge

---

[3] Petitioner has presented nothing indicating a provision other than 28 U.S.C. § 2244(d)(1)(A) is applicable to this case.

that petitioner's federal habeas application should be dismissed.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that respondent's motion to dismiss be GRANTED, and that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner MICHAEL RAY GRICE be DISMISSED as time barred.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___2nd___ day of October 2015.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and

Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).